# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICOLE L. HANTZ,<br>f/k/a NICOLE OLDHAM,<br><br> Plaintiff,<br><br> v.<br><br>DIVISION OF STATE POLICE,<br>DEPARTMENT OF SAFETY &<br>HOMELAND SECURITY,<br>STATE OF DELAWARE,<br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 21-801-RGA<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY MEMORANDA OF POINTS AND AUTHORITIES IN
SUPPORT OF THEIR MOTION TO DISMISS**

                **STATE OF DELAWARE
                DEPARTMENT OF JUSTICE**

                Kenneth L. Wan (#5667)
                Deputy Attorney General
                820 N. French Street, 6th Floor
                Wilmington, DE  19801
                (302) 577-8400
                *Attorney for Defendant*

DATE:  September 20, 2021

## ARGUMENT

**A. The continuing violation doctrine does not apply, and therefore any claims are barred to the extent they rely on events that occurred before December 27, 2017.**

Hantz argues, under the continuing violation doctrine, that events occurring before December 27, 2017 may be considered for her hostile work environment claim, Count I. The continuing violation doctrine does not apply in this case. In the employment discrimination context, the Supreme Court has differentiated between discrete acts, which are individually actionable, and non-discrete acts which are not individually actionable but may aggregate to form a hostile work environment claim. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-115 (2002). Discrete acts "must be raised within the applicable limitations period or they will not support a lawsuit." *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (citing *Morgan*, 536 U.S. at 113). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113. Importantly, the Third Circuit has held, under *Morgan*, that discrete acts "cannot be aggregated under a continuing violations theory." *O'Connor*, 440 F.3d at 127. Indeed, "the continuing violation doctrine cannot be applied to conduct that is independently actionable, which is defined as a discrete act." *Onuffer v. Walker*, 2014 WL 3408563, at *6 (E.D. Pa. July 14, 2014) (citation and internal quotations omitted). Discrete acts include "termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training, wrongful accusation." *O'Connor*, 440 F.3d at 127. Discrete acts also include claims of sexual harassment. *Hare v. Potter*, 220 F. App'x 120, 133-134 (3d Cir. 2007). Denial of benefits are also discrete acts. *Kant v. Seton Hall Univ.*, 2008 WL 65159, at *19 (D.N.J. Jan. 4, 2008), *aff'd*, 289 F. App'x 564 (3d Cir. 2008); *Bernstein v. City of Atl. City*, 2011 WL 2559369, at *5 (D.N.J. June 27, 2011).

In the instant case, Hantz may not rely on the continuing violation doctrine to incorporate events that occurred before December 27, 2017 because many of those are discrete acts. Hantz provides fifteen enumerated acts that occurred before December 27, 2017 that she alleges are non-discrete. D.I. 9 at 3-4.[1] Acts no. 4, 7, and 12 all concern sexual harassment or assault, which are discrete acts and therefore cannot be considered. Further, acts no. 9, 13, and 14 are discrete acts because they involve wrongful accusations. Act no. 5 is also a discrete act is it involves a denial of benefits. Given that nearly half of the incidents which occurred before December 27, 2017 are discrete acts, they cannot be part of a continuing violation.

While some of the pre-December 27, 2017 acts are not discrete acts, Hantz still cannot establish a continuing violation. "A continuing violation, however, cannot be established where there is an interruption that destroys the pattern of harassment." *Robinson v. Home Depot, Inc.*, 2009 WL 2960990, at *13 (D.N.J. Sept. 11, 2009) (citation omitted); *see also*, *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 716 (3d Cir. 1997) (finding that a seven-month period between discriminatory acts interrupted any pattern of discrimination and therefore a continuing violation could not be established); *Fala v. Perrier Grp. of Am.*, No. CIV. A. 99-CV-3319, 2000 WL 688175, at *12 (E.D. Pa. May 25, 2000) (holding that a ten-month period between wrongful acts "alone is sufficient to destroy the continuity" for a continuing violation); *Coombs v. Target Corp.*, 2013 WL 664186, at *4 (E.D. Pa. Feb. 25, 2013) (holding that "nearly a two-year break between allegations of discrimination … destroys the pattern of harassment and does not establish a continuing violation").

In the instant case, Hantz cannot demonstrate a continuing violation because the conduct that occurred before December 27, 2017, which ranges from 2002 to 2017, contains temporal

---

[1] Pagination will refer to the overall page number at the top of the page.

interruptions that break the continuing violation chain. Even considering the facts not alleged in the Charge but only alleged in the Complaint, Hantz cannot demonstrate a continuing violation. For example, there is a year and a half period, from July 2011 to January 2013, where Hantz does not allege any wrongful acts. D.I. 9 at 3-4. Hantz also complains of four incidents of harassment over a nine-year period, from 2002 to 2011, D.I. 9 at 3, which averages to approximately 1 incident every two years. Hantz fails to provide any clarification on when those incidents occurred within a time span of nearly a decade. Ultimately, Hantz cannot establish a continuing violation because the alleged conduct occurring before December 27, 2017 were discrete acts which cannot be considered for a continuing violation. Those acts which were not discrete occurred too far apart from each other to demonstrate a continuing violation.

### B. Hantz's termination claims were not fully exhausted.

Hantz argues, relying on *Waiter v. Parsons*, 729 F.2d 233 (3d Cir. 1984) that she may proceed with her termination claims (Counts III and V) even though her termination occurred after she filed her Charge. Hantz's argument fails as *Waiter* is distinguishable from the instant case. In *Waiter*, the court held that discriminatory actions that occurred after filing a charge may be part of a lawsuit if the acts are fairly within the scope of the charge, or "the investigation arising therefrom." *Id.* at 237. The court then allowed plaintiff to bring a wrongful termination claim even though the termination occurred after she filed the charge because the subsequent "investigation clearly went beyond the specific problem alleged in the formal complaint." *Id.* at 238. The investigation found support for plaintiff's allegations. *Id.* at 235.

In this case, Hantz's termination claims were not fully exhausted because they were not contained in the Charge and there was no subsequent investigation to broaden the scope of Hantz's complaints. Unlike in *Waiter*, where the EEOC's investigation broadened the scope of plaintiff's

claim as it found, the EEOC in this case did not proceed further with its investigation and did not make any determinations. *See* Dismissal and Notice of Rights, March 2, 2021, attached as Exhibit A. Because the termination claim was not contained in Hantz's Charge, and no subsequent investigation encompassed termination, Hantz's termination claims are barred.

This matter is more akin to *Daniels v. (DHSS) Delaware Psychiatric Ctr.*, 2018 WL 4473346 (D. Del. Sept. 18, 2018). In *Daniels*, plaintiff filed a charge of discrimination on January 6, 2014. *Id.* at *1. Plaintiff subsequently filed her complaint with the Court on December 15, 2014. *Id.* at *2. While Plaintiff's complaint contained the allegations in the charge, it contained additional allegations not contained in the charge. *Id.* Specifically, the complaint alleged a December 12, 2014 incident of discrimination. *Id.* The Court dismissed any claims related to the December 12, 2014 incident because plaintiff failed to exhaust her administrative remedies for that incident. *Id.* at *3. "Given the timeline, it is impossible for Plaintiff to have raised the December 12, 2014 incident in the January 6, 2014 charge of discrimination that was filed some eleven months earlier. Because the claim was not brought to the attention of the EEOC, it did not fall within the scope of its investigation." *Id.*

Like in *Daniels*, Hantz's Charge could have not contained the termination claim because it occurred after she filed the Charge. Because it was impossible for Hantz to raise the termination claim in her Charge, it was not brought to the attention of the EEOC, and thus Hantz failed to exhaust her administrative remedies for her terminations claims. Therefore, Counts III and V should be dismissed.

### C. Hantz cannot rely on the incidents not contained in the Charge for her HWE claim.

Hantz cannot rely on the distinct incidents of conduct not contained in the Charge. Hantz attempts to argue that the discrete incidents not contained in the Charge[2] may be a part of her HWE claim because they are also a part of a sexual discrimination claim. Such an argument fails. D.I. 9 at 10-11.

Initially, because Hantz only seeks to incorporate those incidents in her HWE claim, Hantz cannot use those incidents for any other claim. Further, as discussed, *supra*, Hantz cannot maintain a HWE claim for any incidents that occurred before December 27, 2017. The incidents at issue all occurred before that date (see D.I. 9 at 3, ¶ A3, 7, and 11). Because Hantz cannot maintain a continuing violation, all incidents before December 27, 2017 may not be considered because they are time barred.

Even if the incidents were not time barred, the incidents still cannot be considered. As the Court held in *Daniels*, incidents not contained in the Charge cannot be considered. 2018 WL 4473346 at *3. Notably, the missing incident in Daniels concerned the same issue as in the original charge: racial discrimination. *Id.* at *1. Therefore, like in *Daniels*, Hantz cannot incorporate incidents not contained in her Charge.

### D. Hantz's Charge fails to state what protected activity she engaged in to maintain Count IV.

Hantz argues that section B of her Charge properly identified the protected activity she engaged in to maintain her retaliation claim contained in Count IV. D.I. 9 at 15. However, section B does not address Hantz's alleged retaliation. Rather, it describes her allegations on sexual

---

[2] The incidents being 1) having to give more death notifications while in the Fatal Unit, 2) Corporal Rossi's harassment during a business trip sometime between January 2013 and November 2016, and 3) Lieutenant McColgan's email harassment while Hantz was at Troop 4.

discrimination. A full reading of the Charge fails to connect how her complaints of understaffing lead to her transfer. Finally, Hantz alleges that she worked at Troop 4 from November 2016 to February 2018. She fails to mention when she reported the understaffing issue. "The scope of an EEOC investigation cannot reasonably be expected to encompass retaliation when [plaintiff] failed to put the agency on notice that she had engaged in the type of protected activity that is the predicate to a retaliation claim." *Dellaporte v. City Univ. of New York*, 998 F. Supp. 2d 214, 232 (S.D.N.Y. 2014) (citation omitted) (alteration in original). "The scope of an EEOC investigation cannot reasonably be expected to encompass retaliation when [plaintiff] failed to put the agency on notice that she had engaged in the type of protected activity that is the predicate to a retaliation claim." *O'Hara v. Mem'l Sloan-Kettering Cancer Ctr.*, 27 F. App'x 69, 70–71 (2d Cir. 2001) (citation omitted). Because the Charge fails to identify her protected activity, Count IV has not been exhausted, and should be dismissed.

### E.  Hantz's FAC fails to allege a prima facie case of retaliation for Count IV.

Hantz argues that she does not need to show that the transfer did not alter her compensation, privileges, status or opportunities to show adverse action. D.I. 9 at 16. Rather, Hantz argues that she need only show that the conduct would have dissuaded a reasonable worker from filing a charge of discrimination, relying on *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). D.I. 9 at 16. Assuming that to be the case, Hantz argument still fails.

Hantz alleged that the transfer to Troop 5 was adverse because it was the furthest from her home. However, as demonstrated in DSP's opening brief, the transfer from Troop 4 to Troop 5 only increased her commute by 3 miles, or 4 minutes. "[T]ransferring a state trooper from one station to another and making his daily commute four and a half miles longer would not have dissuaded a reasonable worker from making or from supporting a charge of discrimination because

6

the trooper failed to show that the transfer was more than a trivial inconvenience." *Remp v. Alcon Lab'ys, Inc.*, 701 F. App'x 103, 108 (3d Cir. 2017) (citing *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 799 (3d Cir. 2010) (interpreting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). Therefore, the transfer from Troop 4 to Troop 5 was not an adverse action.

Hantz also argues that the transfer was adverse because her brother passed away in Troop 5's jurisdiction. However, there is no evidence or allegations that Captain Layfield, who initiated the transfer, was even aware that Hantz's brother passed away in Troop 5 jurisdiction. "[F]or protected conduct to be a substantial or motiving factor in a decision, the decisionmakers must be aware of the protected conduct." *Ambrose v. Twp. of Robinson, Pa.*, 303 F.3d 488, 493 (3d Cir. 2002). DSP submits that the same principles apply to when a decisionmaker initiates action that is allegedly adverse. If the decisonmaker is unaware of a circumstance that makes an action adverse, then the action cannot be adverse. Here, because Captain Layfield was not aware that Hantz's brother passed away in Troop 5's jurisdiction, that cannot be the basis of the transfer being adverse.

Because Hantz cannot show any adverse action, she also cannot demonstrate any causal connection. As a result, Hantz fails to allege a prima facie case of retaliation in relation to her transfer from Troop 4 to Troop 5.

### F. The FAC fails to allege a prima facie case of retaliation in relation to Hantz's termination for Count V.

Hantz alleges that the protected activity for this Count is recited in her answering brief at Part II.D. of the statement of facts, as well as her filing of the Charge on October 27, 2018. Hantz claims that, because she engaged in those activities, Colonel McQueen informed her of her termination on October 31, 2018. Initially, none of the facts recited in Part II.D. involve Colonel McQueen or that he was aware of those facts. Therefore, those facts cannot be used as a basis for causal connection. Further, there is no evidence Colonel McQueen was aware of the Charge. *See*

7

*Sanchez v. SunGard Availability Servs. LP*, 362 F. App'x 283, 288 (3d Cir. 2010) ("[B]ecause the individuals who were responsible for deciding to discharge [plaintiff] were unaware of his complaints of discrimination, [plaintiff] has failed to establish a causal connection between his termination and his alleged reporting the discrimination."). As a result, Hantz's FAC fails to allege a prima facie case for Count V.

### G. Hantz did not suffer any adverse action to maintain her discrimination claim in Count II.

For a discrimination claim, "[a]n unfulfilled threat, which results in no material harm, is not materially adverse." *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 531 (7th Cir. 2003). In *Ajayi*, plaintiff claimed she was demoted as a result of racial discrimination. *Id.* On February 9, 2000, she received notice "that her position was being eliminated and that she would be demoted two weeks later." *Id.* However, "the threatened demotion never actually happened." *Id.* The court found that because plaintiff was not actually demoted, she did not suffer an adverse action to bring a discrimination claim. *Id.* In the instant case, because Hantz was never actually transferred, she did not suffer any adverse action in the context of a discrimination claim. Therefore, Count II should be dismissed.

### CONCLUSION

For the reasons stated above, DSP's Motion to Dismiss should be granted, and Hantz's FAC should be dismissed with prejudice.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

*/s/ Kenneth L. Wan*
Kenneth L. Wan (DE Bar No. 5667)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE  19801

(302) 577-8400  
*Counsel for Defendant*