IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NICOLE L. HANTZ, <br> f/k/a NICOLE OLDHAM, <br><br> Plaintiff, <br><br> v. <br><br> DIVISION OF STATE POLICE, <br> DEPARTMENT OF SAFETY & <br> HOMELAND SECURITY, <br> STATE OF DELAWARE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 21-801-RGA |

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
### MOTION FOR SUMMARY JUDGMENT

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

Victoria R. Sweeney, Esq. (#6586)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Victoria.Sweeney@delaware.gov
*Attorney for Defendant*

Dated: November 22, 2023

i

**TABLE OF CONTENTS**

TABLE OF CITATIONS ............................................................................................................. iii

ARGUMENT ...................................................................................................................................1

I. PLAINTIFF'S CLAIM FOR HOSTILE WORK ENVIRONMENT FAILS AS A MATTER OF LAW (COUNT I) ...................................................................................2

    A. Plaintiff's Hostile Work Environment Claim is Time-Barred ................................2

    B. Plaintiff Cannot Establish Hostile Work Environment ............................................4

II. NO DISCRIMINATION BASED ON PLAINTIFF'S 2018 TRANSFER OR SEPARATION (COUNTS II AND III) ..............................................................................7

    A. Plaintiff's 2018 Transfer is Not an Adverse Employment Action ..........................7

    B. Plaintiff Cannot Rebut DSP's Rationale Under *Fuentes* .........................................8

III. NO RETALIATION BASED ON PLAINTIFF'S 2018 TRANSFER OR SEPARATION (COUNTS VI AND V) ................................................................................9

IV. PLAINTIFF'S STATE LAW CLAIMS FAIL ................................................................10

CONCLUSION ..............................................................................................................................10

## **TABLE OF CITATIONS**

*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242 (1986)...................................................................1

*Barnett v. New Jersey Transit Corp.*, 573 F. App'x 239 (3d Cir. 2014) ..........................................2

*Blakeman v. Freedom Rides, Inc.*, 2013 WL 3503165 (D. Del. Jul. 10, 2013) ...........................1, 6

*Bumbarger v. New Enterprise Stone and Lime Co., Inc.*, 170 F.Supp.3d 801 (W.D. Pa. 2016) ........................................................................................................................................5

*Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) ............................................................7

*Butler v. Hanover Foods Corp.*, 2020 WL 5501142 (D. Del. Sep. 11, 2020) ..............................1, 6

*Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268 (2001)..................................................................5

*Cole v. Delaware Tech. & Cmty. Coll.*, 459 F. Supp. 2d 296 (D. Del. 2006) ..................................2

*Conklin v. Warrington Twp.*, 2009 WL 1227950 (M.D. Pa. Apr. 30, 2009)................................10

*Daniels v. Sch. Dist. of Phila.*, 982 F. Supp. 2d 462 (E.D. Pa. 2013), *aff'd.* 776 F.3d 181 (3d Cir. 2015)...................................................................................................................8

*DiIenno v. Goodwill Inds.*, 162 F.3d 235 (3d Cir.1998)..................................................................8

*Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788 (3d Cir. 2010) ............................8, 9

*Fallon v. Meissner*, 66 F. App'x 348 (3d Cir. 2003) .......................................................................8

*Fuentes v. Perskie,* 32 F.3d 759 (3d Cir.1994) ................................................................................9

*Garnett v. Bank of Am.*, 243 F. Supp. 3d 499 (D. Del. 2017).........................................................9

*Harper v. Kriss Contracting*, Inc., 2022 WL 3354699 (D. Del. Aug. 12, 2022)............................4

*Heath v. City of Philadelphia*, 2021 WL 2661520 (E.D. Pa. June 29, 2021), *aff'd*, 2022 WL 4298123 (3d Cir. Sept. 19, 2022) ................................................................................7

*Jones v. Sch. Dist. of Phila.*, 198 F.3d 403 (3d Cir. 1999) .............................................................9

*Kemske v. Johnson Controls, Inc.*, 52 F. Supp. 3d 688 (D. Del. 2014) ..........................................4

*Lacy v. AMTRAK*, 507 F.Supp.2d 438 (D. Del. 2007).....................................................................5

*Lake v. Stryker Sales, LLC*, 2022 WL 605293 (E.D. Pa. Mar. 1, 2022).........................................2

*Mandel v. M & Q Packaging Corp.,* 706 F.3d 157 (3d Cir.2013) ...................................................2

*Martin v. Pachulski, Stang, Ziehl, Young & Jones, P.C.*, 551 F.Supp.2d 322 (D. Del. 2008) ........1

*Martinez v. Dep't of Homeland Sec./Div. of the State Police*, 2019 WL 1220305 (D. Del.
 Mar. 15, 2019)..................................................................................................................10

*Mudie v. Philadelphia Coll. of Osteopathic Med.*, 2022 WL 1607544 (E.D. Pa. May 20,
 2022), *aff'd*, 2023 WL 6210754 (3d Cir. Sept. 25, 2023)...............................................2, 6

*National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002) ................................................4, 6

*Oguejiofo v. Bank of Tokyo Mitsubishi UFJ Ltd*., 704 F. App'x 164 (3d Cir. 2017) .....................7

*RBAHTDSR, LLC v. Project 64 LLC*, 2020 WL 2748027 (D. Del. May 27, 2020) ....................1, 6

*Rodriguez v. Bd. of Ed. of Eastchester Union Free Sch. Dist.*, 620 F.2d 362 (2d Cir. 1980)..........7

*Schock v. Baker*, 663 F. App'x 248 (3d Cir. 2016).........................................................................5

*Stewart v. Union Cnty. Bd. of Educ.*, 655 F. App'x 151 (3d Cir. 2016) .........................................7

*Storey v. Burns International Security Services,* 390 F.3d 760 (3d Cir. 2004) ..............................6

*Subh v. Wal-Mart Stores East, LP*, 2009 WL 866798 (D. Del. Mar. 31, 2009).............................9

*Torre v. Casio*, 42 F.3d 825 (3d Cir. 1994) ....................................................................................7

*Trout v. Hidalgo*, 517 F. Supp. 873 (D.D.C. 1981) .......................................................................7

*Zankel v. Temple Univ.,* 245 F. App'x 196 (3d Cir.2007) ..............................................................4

**STATUTES AND OTHER AUTHORITIES**

19 *Del. C.* § 714 ............................................................................................................................10

Fed. R. Civ. P. 56............................................................................................................................9

## ARGUMENT

In her Answering Brief ("Answering Brief" or "AB"), Plaintiff[1] failed to "present affirmative evidence to defeat [DSP's] properly supported motion for summary judgment." *See Martin v. Pachulski, Stang, Ziehl, Young & Jones, P.C.*, 551 F.Supp.2d 322, 328 (D. Del. 2008) (citing to *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986)). Summary judgment is particularly appropriate here, where "notwithstanding issues of credibility, the nonmoving party has presented no evidence or inferences that would allow a reasonable mind to rule in its favor." *Id*. The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson.*, 477 U.S. at 247–48 (1986) (emphasis in original).

Plaintiff bolsters and conflates the testimony in the record, and the little legal support upon which she relies fails to support her arguments. *See generally* AB. Plaintiff's failure to address DSP's specific and well-supported argument renders her claims abandoned. *Butler v. Hanover Foods Corp.*, 2020 WL 5501142, at *3 (D. Del. Sep. 11, 2020) (citing *Blakeman v. Freedom Rides, Inc.*, 2013 WL 3503165, at *13 (D. Del. Jul. 10, 2013) ("[W]here a party responds to a dispositive motion, but only attempts to defend some subset of the claims that are subject to the motion, courts have consistently held that the claims that are not defended are deemed abandoned." (citations omitted) (report and recommendation, later adopted (*see id.* D.I. 35)); s*ee also RBAHTDSR, LLC v. Project 64 LLC*, 2020 WL 2748027, at *4 n.2 (D. Del. May 27, 2020) ("[W]hen one side files a motion raising an issue, and the other side does not respond, the other side is considered to have conceded the point."). Accordingly, DSP is entitled to summary judgment.

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning set forth in the Opening Brief (the "Opening Brief" or "OB").

I. **PLAINTIFF'S CLAIM FOR HOSTILE WORK ENVIRONMENT FAILS AS A MATTER OF LAW (COUNT I)**

A. **Plaintiff's Hostile Work Environment Claim is Time-Barred**

In her Answering Brief, Plaintiff failed to meet her burden in demonstrating how the continuing violations doctrine saves her untimely Title VII claims. *See* AB 13–14. Plaintiff's conclusory statement that "all of the acts constituting the hostile [work] environment claim (*see* Statement of Facts, . . . Parts II.A-B),[2] are part of the same unlawful practice" fails to address how the continuing violations doctrine saves her claim when it does not involve "similar conduct by the same individuals," that "suggests a persistent, ongoing pattern." *Mandel v. M & Q Packaging Corp.,* 706 F.3d 157, 165 (3d Cir.2013); s*ee* AB at 13. Given the insurmountable legal and factual obstacles to her claims, Plaintiff cannot rely on the continuing violations theory to cure her defect.

Critically, Plaintiff advances a "wide array of allegations in support of her hostile work environment claim in an everything-but-the-kitchen-sink manner" involves "markedly different" conduct by *different* individuals. *Mudie v. Philadelphia Coll. of Osteopathic Med.*, 2022 WL 1607544, at *13–14 (E.D. Pa. May 20, 2022), *aff'd*, 2023 WL 6210754 (3d Cir. Sept. 25, 2023) (relying on *Lake v. Stryker Sales, LLC*, 2022 WL 605293, at *3 (E.D. Pa. Mar. 1, 2022)). Indeed, Plaintiff cannot establish that alleged wrongdoers who subjected her to sexual harassment earlier in her career were the same individuals she complains of after December 27, 2017,[3] and proffers no evidence demonstrating that such individuals engaged in similar conduct.[4] Moreover, the last

---

[2] Plaintiff maintains—without factual or legal support—that her 2018 Transfer, her decision to take medical leave, the February Text message, her separation from DSP employment, and DSP's preventing her from seeking donated leave from colleagues are timely acts that support her hostile work environment claim. *See* AB 8–10.

[3] Significantly, Plaintiff's alleged harassers from 2002–20017 (e.g., MCpl. Smyk, Sgt. Dean, MCpl. Rossi, Lt. McColgan) no longer worked with Plaintiff as of December 27, 2017—which defies logic that they were even remotely involved in any allegations. A0663; A0792; A1093

[4] *See* OB at 3 (Smyk, Dean, Rossi) *contra*. OB at 5–7 (post-December 2017).

day Plaintiff physically worked for DSP was February 7, 2018, thus negating the possibility that DSP engaged in any continuous wrongdoing during the remainder of the limitations period.

Plaintiff's allegation that DSP forced her to take medical leave in February 2018[5] is not supported by the record or applicable law. To establish that DSP 'forced' Plaintiff to take medical leave, Plaintiff must prove that DSP "knowingly permitted conditions of discrimination so unpleasant that a reasonable person would have felt compelled to [take a leave of absence]." *Barnett v. New Jersey Transit Corp.*, 573 F. App'x 239, 244 (3d Cir. 2014). The record is devoid of any facts demonstrating that Plaintiff was subjected to any unpleasant work conditions, let alone gender discrimination, at any point after November 2017.[6] Instead, the record shows that Plaintiff chose to take medical leave after learning of her 2018 Transfer due to her *duties as an officer*, and "[e]verything involving it."[7] A0720 at 360:21–A0721 at 363:15; Such "dissatisfaction with [a] work assignment[], . . . or unpleasant working conditions [is] not so intolerable as to compel a reasonable person to [take a leave of absence]." *Cole v. Delaware Tech. & Cmty. Coll.*, 459 F. Supp. 2d 296, 309 (D. Del. 2006).

Similarly, there is no evidence that DSP prevented Plaintiff from receiving donated leave from fellow officers, other than Plaintiff's own subjective belief. The uncontroverted evidence demonstrates that Plaintiff was not entitled to receive donated leave at any point during 2018 because she did not use all available sick leave, and once her medical providers indicated she was

---

[5] Plaintiff argues—again, with no support—that she was forced to take medical leave, which resulted in a constructive discharge. Notably, Plaintiff did not plead a constructive discharge claim in her Complaint, nor does she provide any legal authority or facts to support this argument in her Answering Brief. *See generally* D.I. 5; AB at 8–9.

[6] Here, the last discriminatory act that could supports Plaintiff's hostile work environment claim occurred in November 2017, when she received her only written reprimand. A0172–76.

[7] This is supported by uncontroverted evidence that by Fall 2017, Plaintiff became incredibly upset at work as she recounted her previous assignments in CRU and became uncharacteristically sensitive to constructive criticism. A0486–87; A0493; A0710–11; A0177–83; A1038

not capable of performing in a full duty capacity and returning to work, the Disability Policy required she be separated from her employment. A1097 at ¶ 13; A0866–88.

As argued in DSP's Opening Brief, for purposes of Plaintiff's hostile work environment claim,[8] the only material act that occurred during the filing period was Capt. Layfield's February Text Message. *See* OB at 8–9. Plaintiff offers no evidence that the February Text Message was motivated by or supports a reasonable inference of gender discrimination. Nor can she. The record is clear that Capt. Layfield was skeptical of Plaintiff's doctor's note but nothing about the February Text Message invoked any sexual feeling to support Title VII liability. A0528–29; A0564.

Because Plaintiff fails to cite to any legal authority, and the record does not support her theory under the continuing violations doctrine, Plaintiff's Title VII claims are barred and should be dismissed. *See Harper v. Kriss Contracting*, Inc., 2022 WL 3354699, at *3 (D. Del. Aug. 12, 2022) ("[C]onclusory and broad statements are not sufficient evidence under Federal Rule of Civil Procedure 56(c)(1)(A) [governing motions for summary judgment].").

### B. Plaintiff Has Not Established a Hostile Work Environment

If not time-barred, Plaintiff's claim for hostile work environment fails. The Answering Brief fails to respond to DSP's arguments that Plaintiff failed to establish that she experienced intentional, severe and pervasive discrimination, and *respondeat superior* liability. OB at 10–16. Notably absent from Plaintiff's Answering Brief is *any legal argument* as to why she believes the elements of her hostile work environment claim are satisfied as a matter of law when the record

---

[8] Plaintiff's mistaken reliance on her 2018 Transfer and her separation from DSP employment are inapplicable to the continuing violation doctrine analysis. *See Kemske v. Johnson Controls, Inc.*, 52 F. Supp. 3d 688, 697 (D. Del. 2014) (citing *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114 (2002); *Zankel v. Temple Univ.,* 245 F. App'x 196, 199 (3d Cir.2007)) (finding that the continuing violation doctrine has no applicability to discrete acts such as a decision to transfer, and separation from employment because '[e]ach incident of discrimination and each retaliatory adverse employment action constitutes a separate actionable unlawful employment practice.'").

4

shows Plaintiff experienced infrequent, isolated incidents and stray remarks that did not alter her employment. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001).

Plaintiff's claim that there "is ample evidence that the discrimination was because of sex" (AB at 14) completely ignores *her own testimony* demonstrating that the complained-of conduct was not based on sexual harassment or discrimination. *See* OB at 12–13. Additionally, Plaintiff's description of Lt. McColgan being a demanding supervisor is consistent with the evidence DSP presented showing that Lt. McColgan was an exacting coworker who had high expectations of his colleagues, regardless of their gender. *See* A1059–1062; A1064; A1017. Therefore, as argued in the Opening Brief, Plaintiff has not maintained her burden in producing evidence to demonstrate a material genuine fact as to this first element, and accordingly, her hostile work environment claim should be dismissed. *Schock v. Baker*, 663 F. App'x 248, 250 (3d Cir. 2016).

Plaintiff's conclusory and bare assertion that the alleged discriminatory incidents "were not isolated, there were no lengthy gaps of years, and they were not limited to mere comments" is belied by the record. AB at 14. Yet as DSP anticipated, to support this contention, Plaintiff identifies no more than a handful of specific instances, involving different individuals, that purportedly occurred over approximately sixteen years. As argued in the Opening Brief, Plaintiff's reliance on general allegations she subjectively perceives as offensive due to her sex is insufficient. The Court need not, and should not, credit Plaintiff's subjective belief based on her unsubstantiated account. *Bumbarger v. New Enterprise Stone and Lime Co., Inc.*, 170 F.Supp.3d 801, 830 (W.D. Pa. 2016) (finding the extensive record did not substantiate "Plaintiff's 'unsubstantiated estimation' that [plaintiff's superintendent] called her a 'b—h' and 'c—t' more than 500 times" over a 5-year period); *see also Lacy v. AMTRAK*, 507 F.Supp.2d 438, 446 (D. Del. 2007) (granting

summary judgment on a hostile work environment claim because despite plaintiff's claim that she had "an abundance of evidence" to support her claim, the plaintiff failed to provide such evidence).

Nor does the record support that the harassment was so severe it altered her employment. While DSP acknowledges that Plaintiff's interactions with MCpl Rossi in August 2013 and with Lt. McColgan in October 2017 were inappropriate and crossed the line, those two *single instances*—which occurred four years apart from one another—are the only offensive conduct that could be deemed severe, and courts have found that an action for hostile work environment "'cannot be said to occur on any particular day,'" *Mudie*, 2023 WL 6210754, at *3 (quoting *Nat'l R.R. Passenger Corp.*, 536 U.S. at 115). Nothing in the record demonstrates that any alleged wrongdoing altered Plaintiff's "compensation, terms, conditions, or privileges of employment." *Storey v. Burns International Security Services,* 390 F.3d 760, 764 (3d Cir. 2004). Plaintiff's favorable performance reviews and successful sixteen-year career demonstrate she did not experience harassment severe or pervasive enough to unreasonably interfere with her work performance, thus precluding her from prevailing on her hostile work environment claim.

Plaintiff proffers no response to DSP's *respondeat superior* argument, which renders her claim abandoned, and entitles DSP to summary judgment. *RBAHTDSR, LLC*, 2020 WL 2748027, at *4 n.2; *Butler*, 2020 WL 5501142, at *3; *Blakeman.*, 2013 WL 3503165, at *13. Instead, Plaintiff baldly asserts that her supervisors were "aware of" and "engaged" in the alleged harassment which does not meet her burden.[9]  AB at 15. As explained in the Opening Brief, *respondeat superior* liability cannot attach because the record shows that Plaintiff did not suffer

---

[9] By Plaintiff's own account, Lt. Hagan, Lt. Chamberlin, and Sgt. Hardy resolved Plaintiff's intrapersonal issues with MCpl. Smyk (A0662–63) and Major Evans thought rumors about Plaintiff were "absurd" (A0728). Notably, Colonel McQueen testified that "[t]he one thing that DSP has always done, whether you liked the outcome of the investigation or not, we'll always investigate. But there was never an allegation of anything that required investigation." A0859.

*any* tangible adverse employment action based on sexual harassment throughout her sixteen-year tenure nor did Plaintiff ever utilize the complaint procedure outlined in the Harassment Policy by filing reports with IA or Ms. Davis as the EEO/AA representative. *See* OB at 15–16.  Plaintiff's inexcusable delay bars her from pursuing her claims now under the doctrine of latches. Id. at 16 (citing *Heath v. City of Philadelphia*, 2021 WL 2661520, at *4 (E.D. Pa. June 29, 2021), *aff'd*, 2022 WL 4298123 (3d Cir. Sept. 19, 2022)).  Plaintiff's hostile work environment claim fails.

## II. NO DISCRIMINATION BASED ON PLAINTIFF'S 2018 TRANSFER OR SEPARATION (COUNTS II AND III).

### A. Plaintiff's 2018 Transfer is Not an Adverse Employment Action

Plaintiff's assertion that her 2018 Transfer constitutes an adverse action merely because she regarded her reassignment as "less desirable" misses the mark.  AB at 15–16.  Generally, a lateral transfer, which we have here, generally does not constitute an adverse reaction. [10] *Stewart v. Union Cnty. Bd. of Educ.*, 655 F. App'x 151, 157 (3d Cir. 2016) (*Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) (citing cases finding that a bruised ego and reassignment to a more inconvenient job was not an adverse employment action*); see also Oguejiofo v. Bank of Tokyo Mitsubishi UFJ Ltd.*, 704 F. App'x 164, 169 (3d Cir. 2017) (finding that a nominal lateral transfer, while hurtful or disappointing, did not significantly impact employment conditions to "justify the trundling out the heavy artillery of . . . antidiscrimination law.").

---

[10] The cases Plaintiff relies on to support her bare-bones argument are distinguishable. *See* AB at 15 n.24 (citing *Torre v. Casio*, 42 F.3d 825, 831 n.7 (3d Cir. 1994) (transfer was to "a dead-end job that had effectively been eliminated"); *Trout v. Hidalgo*, 517 F. Supp. 873, 890 n.67 (D.D.C. 1981) (transfer occurred in conjunction with "inferior performance ratings" and a failure to classify in comparable pay grade); *Rodriguez v. Bd. of Ed. of Eastchester Union Free Sch. Dist.*, 620 F.2d 362, 365–66 (2d Cir. 1980) (transfer was a "radical change in the nature of the work" that effectively "constitute[d] a serious professional setback and stigma to her career.").

To constitute an adverse employment action, a transfer must "be detrimental or undesirable in some *objective* way." *Daniels v. Sch. Dist. of Phila.*, 982 F. Supp. 2d 462, 479 (E.D. Pa. 2013), *aff'd.* 776 F.3d 181 (3d Cir. 2015) (emphasis added). The material effects of a transfer "must not arise from the [Plaintiff's] individual preferences" bur rather, "must be job-related" in the appropriate sense. *Fallon v. Meissner*, 66 F. App'x 348, 352 (3d Cir. 2003) (citing *DiIenno v. Goodwill Inds.*, 162 F.3d 235, 236 (3d Cir.1998) (finding that an inability to do a particular job is job related, unlike a desire to work in a certain city). Plaintiff's preference to not work within the entire jurisdiction of Troop 5 because her brother died near Bridgeville is neither job-related nor objectively detrimental or undesirable.[11] Moreover, Plaintiff's complaint that Troop 5 was seven miles further away from her home than Troop 4 (adding approximately eight minutes to her commute) is also insufficient. *See* AB at 9 n 13. This slight increase in Plaintiff's commute amounts to nothing more than a "trivial inconvenience" and is not actionable under Title VII. *See Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 799–800 (3d Cir. 2010) (finding that a 4.25-mile commute increase was not evidence of a wrongful transfer).

### B. Plaintiff Cannot Rebut DSP's Rationale Under *Fuentes*

The record is devoid of any evidence rebutting DSP's legitimate, non-discriminatory rationale for Plaintiff's 2018 Transfer and subsequent separation from DSP. In both instances, DSP's employment actions were made in accordance with the Transfer Policy and Disability Policy. *See* A0001; A0156–59; A1104–06; A1114; A0812; A0866–88. The purported "evidence"

---

[11] Notably, when attempting to remedy Plaintiff's apparent intrapersonal issues with Troop 4 personnel, DSP aimed to keep Plaintiff working in Sussex County, where she resided, and specifically did not transfer her to Troop 7 given that her previous assignment in Troop 7, where she served in CRU, appeared to be negatively impacting her mental health. A1114 at ¶ 12. The goal of Plaintiff's 2018 Transfer was to set Plaintiff up to succeed. *Id*. at ¶¶ 11–13. Further, DSP is unable to reconfigure a transfer assignment on the grounds that an employee's family member died in the jurisdiction of the assignment. A1115 at ¶ 14.

Plaintiff relies upon fails to demonstrate pretext within the meaning of *Fuentes v. Perskie*.[12] 32 F.3d 759, 763–65 (3d Cir.1994). Plaintiff failed to cite to the record to demonstrate that DSP's supported explanations are untrue, as the record establishes that Plaintiff's 2018 Transfer and her eventual separation were consistent with DSP Policy. *See Estate of Oliva*, 604 F.3d at 799 (affirming summary judgment when employer showed transfer was consistent with police practice and employee failed to produce evidence demonstrating otherwise). Plaintiff's argument that her 2018 Transfer and separation were motivated by gender discrimination is premised upon her misinterpretation of DSP policy and is pure speculation.[13] Plaintiff's failure to provide factual and legal support for her claim is dispositive. Fed. R. Civ. P. 56.

### III.   NO RETALIATION BASED ON PLAINTIFF'S 2018 TRANSFER OR SEPARATION (COUNTS VI AND V).

Plaintiff also fails to satisfy her obligation to provide specific material from the record establishing a genuine factual dispute as to her retaliation claims. AB at 18–20. To succeed on a retaliation claim, Plaintiff must show, among other things, that she suffered an adverse employment action after or while engaging in an activity protected by Title VII. *Garnett v. Bank of Am.*, 243 F. Supp. 3d 499, 513 (D. Del. 2017). Plaintiff maintains, without any legal support or

---

[12] Under *Fuentes*, a plaintiff may "*either* (i) discredit[] the proffered reasons, either circumstantially or directly, or (ii) adduc[e] evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." 32 F.3d at 764.

[13] Plaintiff's claim that "senior" sergeants "stay parked" directly conflicts with testimony establishing that sergeants, lieutenants, and even captains are subject to transfer. A0506; A0512; A0793; A0813–14; A0985; A1053. Further, with respect to her separation, Plaintiff's reliance on Disability Policy § 4.E to support her claim that Colonel McQueen "deemed her permanently disabled" is misplaced, as DSP relied on § 2.E. *See e.g.*, A0154; A1096; A1106. Moreover, Plaintiff's speculation as to the medical status of her colleagues cannot create a genuine issue of material fact for purposes of summary judgment. *See Subh v. Wal-Mart Stores East, LP*, 2009 WL 866798, at *10 (D. Del. Mar. 31, 2009) (*citing Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 414 (3d Cir. 1999) (deeming unsupported allegations of discrimination based solely on plaintiff's personal beliefs to be insufficient at the summary judgment stage)).

any specific reference to the record, that she made "informal complaints." AB at 19. But as explained above and in the Opening Brief, at no point during Plaintiff's sixteen-year career did she ever utilize the complaint procedure outlined by the Harassment Policy to complain about sexual misconduct, and *none* of her "informal" complaints reference gender discrimination. OB at 19. Moreover, Plaintiff has not established a "but for" causal link between any supposed adverse action that occurred months later. *Conklin v. Warrington Twp.*, 2009 WL 1227950, at *3 (M.D. Pa. Apr. 30, 2009). Plaintiff's failure to rebut DSP's legitimate, non-retaliatory rationale for her 2018 Transfer and separation from employment should result in her claims being dismissed.

## IV.   PLAINTIFF'S STATE LAW CLAIMS FAIL

Plaintiff asserts—again, without any legal support—that her DDEA claims survive because the DDEA and Title VII remedies "are not identical," as a recent amendment to the DDEA increased the cap for compensatory and punitive damages. *See* AB at 21 (citing 19 *Del. C.* §§ 714(c)(5) and (d)). Plaintiff's unsupported argument fails to respond to DSP's argument that the DDEA bars her from seeking "relief under both Title VII and the Delaware state discrimination statute" simultaneously in this Court. *Martinez v. Dep't of Homeland Sec./Div. of the State Police*, 2019 WL 1220305, at *1 n.1 (D. Del. Mar. 15, 2019); *see also* 19 *Del. C.* § 714(c). Plaintiff also fails to respond to DSP's alternative argument that this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* OB at 20 n. 17. Given Plaintiff's federal claims fail, the Court should decline to exercise jurisdiction over Plaintiffs' state law claims and should dismiss those claims.

## CONCLUSION

For the foregoing reasons, DSP respectfully requests that the Court grant its Motion for Summary Judgment and dismiss the Complaint with prejudice.

| | |
|---|---|
| Date: November 22, 2023 | **STATE OF DELAWARE**<br>**DEPARTMENT OF JUSTICE**<br><br>*/s/ Victoria R. Sweeney*<br>Victoria R. Sweeney, Esq. (#6586)<br>Deputy Attorney General<br>Carvel State Office Building<br>820 N. French Street, 6th Floor<br>Wilmington, DE 19801<br>(302) 577-8400<br>Victoria.Sweeney@delaware.gov<br>*Attorney for Defendant* |